IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRITTNE WILSON, Individually and as Next Friend of G. W., a Minor Child, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:10-cv-00874-M |
| FORD MOTOR COMPANY; TRW AUTOMOTIVE HOLDINGS CORP. F/K/A/ TRW, INC.; TRW AUTOMOTIVE, INC.; TRW AUTOMOTIVE US, L.L.C.; TRW VEHICLE SAFETY SYSTEMS, INC.; and TRW SAFETY SYSTEMS, INC.; | § § § § § § § § | |
| Defendants. | § | |

## FORD MOTOR COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE PLAINTIFFS' GLAZING AND MARKETING/WARNINGS CLAIMS

Pursuant to Rule 56, Federal Rules of Evidence, Defendant Ford Motor Company ("Ford") in the above entitled and numbered cause of action, files this Motion for Partial Summary Judgment as to Plaintiffs' alleged glazing and marketing/warnings claims because Plaintiffs have not disclosed any experts and evidence to support those claims. The following is Ford's brief in support of its motion:

## I.   INTRODUCTION

Plaintiffs have plead claims in this automotive products liability action, both in strict products liability and negligence, for alleged glazing design defect and marketing/warnings defects in the 2004 Ford Expedition.

In a complex product liability case such as this one, it is imperative that Plaintiffs offer evidence in support of their allegations by way of expert testimony. However, the deadline to designate experts in this case has come and gone and Plaintiffs did not identify a single liability

witness that will support Plaintiffs' claims of defective glazing and marketing/warnings. (App. at 011-017) Ford is, therefore, entitled to summary judgment on Plaintiffs' causes of action that are not supported by expert testimony.[1] Ford has made numerous attempts to obtain a stipulation to dismiss the glazing and marketing/warnings claims but with no success. Despite the fact that Plaintiffs acknowledge that the glazing claim is "moot," they refuse to stipulate to the dismissal. Similarly with the marketing/warnings claims, Plaintiffs know that they do not have a valid claim here yet they refuse stipulate to dismiss this claim also. Instead, Plaintiffs have forced Ford to file another motion to dismiss unsupported claims and, as a result, burdening this Court with a no evidence motion.

## II. <u>BACKGROUND FACTS</u>

### A. <u>The Crash</u>

This complex products liability case arises from a rollover crash. On May 4, 2008, Plaintiff Brittne Wilson was driving her boyfriend's 2004 Ford Expedition west on Highway 287 when, based on the police report and witness testimony, she either changed lanes without signaling or due to inattention drifted left into an occupied lane, and contacted a passing vehicle. (App. at 001-005) Ms. Wilson then swerved and lost control. (App. at 001-002) The vehicle entered the median and rolled over numerous times. (App. at 001-002) Plaintiffs' accident reconstruction expert, Robert Caldwell, opines that the subject vehicle rolled 6 1/4 times. (App. at 006-007) Todd Hoover, Defendants' accident reconstruction expert, opines the subject vehicle

---

[1] Earlier in this litigation, Plaintiffs acknowledged that they did not intend to pursue defect claims related to roof design and lack of Electronic Stability Control ("ESC") alleged in Plaintiffs' Complaint. Despite this acknowledgment, Plaintiffs refused to voluntarily dismiss those claims and Ford was forced to file a Motion to Dismiss Plaintiffs' roof design and lack of ESC defect allegations. The Court agreed with Ford and dismissed Plaintiffs' roof design defect and ESC claims with prejudice on April 25, 2011. (App. at 018)

rolled 5 1/4 times.  (App. at 008-010)  Regardless, whether the subject vehicle rolled 6 1/4 or 5 1/4 rolls, this is a severe crash.  The roll distance was approximately 197 feet.  (App. at 008-010)  The police officer concluded that Plaintiff's unsafe lane change and possible failure to control speed were factors and conditions causing the subject crash.  (App. at 019-020)  Ms. Wilson sustained injuries during the crash.  Despite Ms. Wilson's driving actions, including inattention, swerving, and overcorrections that caused the crash, Plaintiffs allege Ford is at fault because the Expedition should have prevented Plaintiffs' injuries.

### B.   Ford's efforts to dismiss the glazing and marketing/warnings claims

Back on May 31, 2011, Ford requested that Plaintiffs dismiss the glazing claim.  (App. at 021)  Ford continued to follow-up with Plaintiffs in multiple correspondences.  (App. at 022-023)  On June 8, 2011, Ford's counsel spoke with Plaintiffs' counsel at a deposition regarding Plaintiffs' glazing claim.  Plaintiffs' counsel acknowledged that Plaintiffs are not pursuing a glazing claim but may want to use some glazing documents.  Plaintiffs' counsel promised to respond to Ford's request.  Not hearing anything from Plaintiffs, Ford sent a follow-up letter memorializing the June 8, 2011 conversation and again asking for information in order to resolve this issue.  (App. at 024)

Despite Plaintiffs' acknowledgement that they are not pursuing a glazing claim, they continued to ignore Ford's letters to stipulate to the dismissal.  On August 1, 2011, Ford notified Plaintiffs that it is filing a motion for partial summary judgment regarding Plaintiffs' glazing and marketing/ warnings claims, and exemplary damages.  (App. at 025)  Plaintiffs responded stating that the glazing claim is "moot."  (App. at 026)  Again, Ford requested that Plaintiffs stipulate to dismiss the glazing and marketing/warnings claims.  (App. at 027-028)  On August 2, 2011, Plaintiffs agreed to sign a stipulation of dismissal of Plaintiffs' glazing and marketing/warnings

claims.  (App. at 029)  On the same day, Ford prepared a stipulation and sent it to Plaintiffs. (App. at 030)  Plaintiffs requested Ford to change language to the stipulation.  (App. at 031-036) The parties agreed to extend the deadline for Ford to file its motion for summary judgment regarding the glazing and marketing/warnings claims while the parties finalize the stipulation to dismiss.  [DE 176]  On August 11, 2011, having not received a final answer from Plaintiffs regarding the stipulation, Ford followed up again with Plaintiffs and again enclosed the stipulation to dismiss and order.  (App. at 037-042)  Plaintiffs responded stating that the stipulation is "good" but another Plaintiffs' counsel needs to review it and promised to respond by Monday morning August 15, 2011.  (App. at 043)  Not surprisingly, Ford did not hear from Plaintiffs on Monday morning.  Therefore, Ford sent an email to Plaintiffs stating that it did not hear from Plaintiffs as promised.  (App. at 044)  Plaintiffs finally responded on August 17, 2011, stating that Plaintiffs' counsel was going to call Ford's counsel regarding those claims.  Ford responded stating that it has made numerous efforts since May 31, 2011, to enter into a stipulation to dismiss those claims and that it is filing a no evidence motion.  (App. at 045) Despite the fact that Plaintiffs acknowledge that the glazing claim is "moot" and they have agreed to stipulate to the dismissal of the glazing and marketing/warnings claims, they refuse to sign a stipulation to dismiss those claims.  (App. at 045)

### C.    Plaintiffs' Product Liability Allegations

In their Complaint, Plaintiffs allege a design defect regarding the glazing and also claimed that the "*warnings and/or instructions provided by Defendants fail to adequately warn or instruct of the hazards associated with the Ford SUV, occupant restraint system components, and/or the TRW seat belt system.*"  (App. at 046-047)

After months of discovery, including Plaintiffs' disclosure of experts and experts reports and Plaintiffs' experts' depositions, Plaintiffs do not have any experts to support the vaguely plead claims from their Complaint.  Therefore, a dismissal of the glazing and marketing/warnings claims is appropriate.

## III. LEGAL STANDARDS

### A.  Summary Judgment Standard

Summary judgment is proper if a party with the burden of proof fails to make a showing sufficient to establish the existence of an element that is essential to that party's case.  *See generally* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also* TEX. R. Civ. P. 166a(i) (explaining "no evidence" motion, under Texas rule a party may move for summary judgment "[a]fter adequate time for discovery" on the ground that there is no evidence of one or more essential elements of a claim); *Western lnvs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex.2005).

In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  A genuine issue for trial exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby. Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  A no-evidence motion will be sustained when (1) there is an absence of evidence of a vital fact, (2) the court is barred by rules of law or evidence from considering the evidence offered in support of a vital fact, (3) the evidence offered is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the fact at issue. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex.2003).  The moving party will prevail,

unless the respondent produces summary judgment evidence raising a genuine issue of material fact.  *See* Tex.R. Civ.P. 166a(i); *Urena*, 162 S.W.3d at 550.

Summary judgment is not a "disfavored procedural shortcut," but rather an integral part of the Federal Rules of Civil Procedure which are designed to "secure the just, speedy and inexpensive determination of every action."  *See Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1478 (6th Cir. 1989) *citing Celotex,* 106 S.Ct. at 2555 (internal citations omitted).

### B.  Texas Requires Proof of Defect and Causation

A Texas product liability claim requires proof that:

    1)    a defect existed in the product at the time it left the manufacturer's control; and

    2)    the defect was the producing cause of plaintiff's damages.

*Lucas v. Texas Indust., Inc.,* 696 S.W.2d 372, 377 (Tex. 1984).

Proof of a defect is a required element of all theories of recovery, and the required proof of a defect is "functionally identical" regardless of whether the claim is negligence, strict liability or breach of warranty.  *See Hyundai Motor Co. v. Rodriguez,* 995 S.W.2d 661, 665 (Tex. 1999); *see also* Restatement (Third) of Torts, §2, cmt. n (1998).   In addition, expert testimony is generally required in order to establish causation in a product liability case.  *See Mack Trucks, Inc. v. Tame:,* 206 S.W.3d 572, 583 (Tex.2006) (expert testimony needed to establish causation in products liability case where plaintiff alleged that defect in truck's fuel and battery systems caused fire); *Nissan Motor Co v. Armstrong,* 145 S.W.3d 131, 137 (Tex.2004) (expert testimony required to establish causation in unintended acceleration case involving possible product defect).

*/ / /*

# IV. <u>ANALYSIS</u>

This is essentially a "no-evidence" motion for summary judgment regarding the glazing and warnings claims.  Plaintiffs have failed to provide evidence to prove the existence of a defect in the glazing or marketing/warnings for the subject vehicle, much less that any such defect caused injury to Plaintiffs.  Ford is entitled to summary judgment as a matter of law on all pleaded claims for recovery premised on allegations of defective glazing and marketing/warnings.

### A.     <u>No Evidence to Support Glazing Defect Claim</u>

Plaintiffs' expert disclosure deadline was March 31, 2011.  Plaintiffs disclosed six experts, four liability experts and two damages experts.  (App. at 048-064)  However, Plaintiffs did not disclose any experts to address the glazing and marketing/warnings claims.  Further, Plaintiffs' experts were deposed and none offered any opinions to support either claim.  Plaintiffs' biomechanics expert Martha Bidez testified:

> Q.     *Okay.  Any opinions in regards to glazing?*
>
> A.     *No.*

(App. at 065-066)

Similarly, Plaintiffs' air bag expert Geoffrey Mahon testified:

> Q.     *You're not going to offer any opinions regarding glazing?*
>
> A.     *No.*

(App. at 067-068)

Plaintiffs' accident reconstruction expert Robert Caldwell also testified that he did not have an opinion that the glazing in the subject vehicle was defective, admitting:

> Q.     *So your opinions in regards to glazing are limited to when the glass broke and you saw evidence of broken glass at the scene, but not that the*

> ***glazing – there's a defect of that sort of thing in regards to this case, is that***
> ***correct***?
>
> A.      ***That's correct****.*

(App. at 069-070)

Plaintiffs' seat belt expert Lou D'Aulerio also admitted that he did not have any opinions on glazing, testifying:

> Q.      You're not going to be giving any opinions in regards to glazing; is that
> correct?
>
> A.      ***That is correct, I have no opinions on glazing.***

(App. at 071-072)

Following confirmation at Plaintiffs' experts' depositions that none of them intended to opine on the existence of a glazing defect or that a glazing defect caused any injury, Ford tried to obtain Plaintiffs' agreement to dismiss their glazing claims.   (App. at 021-045)   Although Plaintiffs acknowledge that the glazing claim issue is "moot," they refuse to stipulate to dismiss the claim.   (App. at 026)   Despite months of discovery and costly expert depositions, Plaintiffs have failed to identify or provide any evidence of a glazing defect in the 2004 Ford Expedition or that any glazing defect caused injury.   Because none of Plaintiffs' experts support a glazing defect claim, or contradict Ford's glazing expert, Plaintiffs cannot prevail on their glazing claims, and summary judgment on this claim is proper.   Fed. R. Civ. P. 56; *Lucas,* 696 S.W.2d at 377 *Urena*, 162 S.W.3d at 550.

### B.      No Evidence of Marketing/Warnings Defect

Similarly, Plaintiffs have failed to provide any expert opinion or other evidence to support the allegation that Ford failed to provide adequate warnings or information regarding the 2004 Ford Expedition or any of its components.   (App. at 073-089)

### 1.   Expert Testimony Required

A marketing/warnings defect claim, like the one plead in this case, can be premised on either an allegation of ***failure to warn*** or an allegation of ***failure to provide adequate instructions for safe use***.  *USX Corp. v. Salinas,* 818 S.W.2d 473, 483 (Tex. App.--San Antonio 1991, writ denied); *see Lujan v. Tampo Mfg. Co., Inc.,* 825 S.W.2d 505, 510 (Tex. App. — El Paso 1992, no writ history) ("A `marketing defect' involves a failure to warn, or warn adequately, of dangers or risks of harm or the failure to provide instructions for safe use of a particular product."); *Williams v. Southern Pac. Transp. Co.,* 804 S.W.2d 132, 138-39 (Tex. App.--Houston [1st Dist.] 1990, writ denied).  In both instances, expert testimony is ***required*** since the area of automobile warnings and instructions is not a matter within the scope of knowledge of the average person.  *See generally Goodyear Tire and Rubber Company v. Rios,* 143 S.W.3d 107, 116 (Tex. App. — San Antonio 2004, writ denied); *Selig v. BMW of North America, Inc.,* 832 S.W.2d 95 (Tex. App.— Houston [14th Dist.] 1992, no writ); *Hernandez v. Nissan Motor Corp.,* 740 S.W.2d 894 (Tex. App. — El Paso 1987, writ denied); *cf. Rehabilitative Care Systems of America v. Davis,* 73 S.W.3d 233 (Tex. 2002) ("We disapprove of the Court of Appeals' statement that expert testimony was not required to establish the appropriate standard of care in this case.").

The deadline for expert disclosure has come and gone in this case and Plaintiffs never designated an expert to testify on any warnings issues.  Plaintiffs have not produced any evidence of alternative instructions, and Plaintiffs have not produced any witness to criticize any of the warnings and instructions accompanying the 2004 Ford Expedition.  With the complete absence of ***any*** expert testimony to support the warnings allegations in this case, Ford is entitled to judgment as a matter of law on Plaintiffs' warnings claims.

**2.      No evidence that a different warning or instruction would have changed the outcome in this accident.**

Proof of causation-in-fact is not excused in warnings defect cases.  *See GMC v. Saenz on behalf of Saenz,* 873 S.W.2d 353, 357 (Tex. 1993) ("A plaintiff must show that adequate warnings would have made a difference in the outcome, that is, that they would have been followed.").  There is no presumption that a different warning would have been heeded when the instructions which were given would have prevented the accident if followed.  *GMC v. Saenz,* 873 S.W.2d 353, 357 (Tex. 1993).  To prove causation, Plaintiff must show that a different warning ***would have prevented the injuries in this case***.  *Id;* see also *Stewart v. Transit Mix Concrete & Materials, Co.,* 988 S.W.2d 252 (Tex. App - Texarkana 1998).  Plaintiff has offered no evidence that a different warning would have would have prevented the injuries that occurred in this case.  There is no evidence to support this essential element of Plaintiffs' marketing/warnings defect claim and Ford is entitled to summary judgment.

## V.  <u>CONCLUSION AND PRAYER</u>

Ford is entitled to summary judgment when there is no evidence to legally support Plaintiffs' product liability claims based on glazing and marketing/warnings defects.  Plaintiffs must prove that the glazing in the subject vehicle is defective and that the marketing/warnings were inadequate, and that the established defects caused injury to Plaintiffs.  Plaintiffs cannot meet their burden on either element (defect and causation) for the glazing and warnings claims plead in their Complaint.  Accordingly, Ford respectfully requests that the Court grant this motion for summary judgment and that all of Plaintiffs' glazing and marketing/warnings claims be dismissed with prejudice.

*/ / /*

Respectfully submitted,

BOWMAN AND BROOKE LLP

By: s/ Iman R. Soliman
     Barry C. Toone
     Texas Bar No. 24056875
     barry.toone@phx.bowmanandbrooke.com
     Thomas M. Klein
     Texas Bar No. 11566000
     thomas.klein@phx.bowmanandbrooke.com
     Iman R. Soliman
     Arizona Bar No. 021333
     Admitted to the Northern District of Texas
     on July 12, 2010
     iman.soliman@phx.bowmanandbrooke.com
     2901 North Central Avenue, Suite 1600
     Phoenix, Arizona 85012
     Telephone: (602) 643-2300
     Fax: (602) 248-0947

     Adolfo R. Rodriguez, Jr.
     Texas Bar No. 24007934
     jr@rodriguezdavis.com
     Wilson C. Aurbach
     Texas Bar No. 24036160
     waurbach@rodriguezdavis.com
     RODRIGUEZ, DAVIS, GHORAYEB, GERSCH &
     TOWNS, P.C.
     1700 Pacific Avenue, Suite 3850
     Dallas, Texas 75201
     Telephone: (214) 220-2929
     Fax: (214) 220-2920

     ATTORNEYS FOR DEFENDANT
     FORD MOTOR COMPANY

## <u>CERTIFICATE OF CONFERENCE</u>

Counsel for Ford Motor Company, Iman R. Soliman, has met and conferred with counsel for Plaintiffs on the issues of Plaintiffs' glazing and warnings claims as summarized in the motion.

s/ Iman R. Soliman
Iman R. Soliman

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent "Notice of Electronic Filing" to the following attorneys of record on this the 17th day of August, 2011.

Lee Brown
lbrown@leebrownlaw.com
Eric Porterfield
eporterfield@leebrownlaw.com
THE BROWN LAW FIRM
750 North St. Paul Street, Suite 1680
Dallas, Texas 75201
Attorneys for Plaintiffs

David R. Tippetts
david.tippetts@wtllaw.com
Amber Skillern
amber.skillern@wtllaw.com
WEINSTEIN, TIPPETTS & LITTLE LLP
7660 Woodway, Suite 500
Houston, Texas 77063
Attorneys for TRW Defendants

Ted B. Lyon
tblyon@tedlyon.com
Bill Zook
bzook@tedlyon.com
TED B. LYON & ASSOCIATES, P.C.
Town East Tower, Suite 525
18601 LBJ Freeway
Mesquite, Texas 75150
Attorneys for Plaintiffs

Adolfo R. Rodriguez, Jr.
jr@rodriguezdavis.com
Wilson C. Aurbach
wca@therodriguezfirm.com
RODRIGUEZ, DAVIS, GHORAYEB,
   GERSCH & TOWNS, P.C.
1700 Pacific Avenue, Suite 3850
Dallas, Texas 75201
Attorneys for Ford Motor Company

s/ Iman R. Soliman
Iman R. Soliman